UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 24-3134 WLH (PVC)                        Date: September 17, 2024

Title      Pim Shih v. Mitsuwa Corporation

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**PROCEEDINGS:**    [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

       Pim Shih ("Plaintiff"), a New Jersey resident proceeding *pro se*, filed this civil rights action against Mitsuwa Corporation ("Defendant"), alleging that Defendant, at its Edgewater, New Jersey store, violated Plaintiff's civil rights under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which prohibits religious discrimination in places of public accommodation. ("Complaint," Dkt. No. 1). The Complaint is subject to dismissal, however, for lack of jurisdiction.

       Section 2000a requires that Title II plaintiffs give *prior* notice to state or local authorities when a state or local law prohibits religious discrimination in public accommodation *before* filing a federal lawsuit. *See* 42 U.S.C. § 2000a-3(c); *accord Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144 (7th Cir. 1993) ("Section 2000a–3(c) requires that Title II plaintiffs give notice to state or local authorities when a state or local law prohibits such discrimination and the state or local authority is authorized to grant or seek relief from such discrimination."); *Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1426 (D. Idaho 1995) ("The foregoing provision clearly requires that Title II plaintiffs give prior notice to state or local authorities when a state or local law prohibits religious discrimination in public accommodations, and where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-3134 WLH (PVC)                                      Date: September 17, 2024

Title        Pim Shih v. Mitsuwa Corporation

state or local authority is authorized to grant or seek relief from such discrimination."). "The requirements of Section 2000a–3(c) are jurisdictional and, unless those requirements are met, the federal courts do not have jurisdiction to decide the dispute." *Stearnes*, 3 F.3d at 1144; *see Boyle*, 883 F. Supp. at 1426 ("[I]t is clear that notice under the statute is a jurisdictional prerequisite to filing a civil action in federal court.").

Here, the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 et seq., prohibits religious discrimination by a place of public accommodation.  Anyone who believes that their rights under the LAD have been violated may file a complaint with the New Jersey Division on Civil Rights (DCR) within 180 days of the incident.  *See* N.J.S.A. 10:5-18 ("Any complaint filed in the division or in any municipal office pursuant to this act must be so filed within 180 days after the alleged act of discrimination.").

The Complaint does not assert that Plaintiff filed a complaint with the DCR before filing this lawsuit.  Moreover, at the August 22, 2024 hearing in this case, Plaintiff admitted that he did not notify the DCR or any other state or local authority before filing his lawsuit in federal court.  Accordingly, because a Title II plaintiff "must demonstrate that he or she has met the procedural prerequisites of § 2000a–3(c) prior to filing suit in federal court," *Stearnes*, 3 F.3d at 1145, it appears that this action should be dismissed for lack of jurisdiction.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within **21 days** of the date of this Order, why this action not be dismissed for lack of jurisdiction.  Plaintiff may discharge this Order by filing either (1) a memorandum setting forth why this Court has jurisdiction and is the proper forum for his claims or (2) a declaration, under oath, explaining why he is unable to do so.  Alternatively, if Plaintiff no longer wishes to pursue his claims, he may voluntarily dismiss this action.  **A blank notice of dismissal is attached for Plaintiff's convenience.**

**Plaintiff is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that this action be**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-3134 WLH (PVC)                                   Date: September 17, 2024

Title        Pim Shih v. Mitsuwa Corporation

**dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

    IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |